TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00660-CR






Robert Earl Clark, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8415, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING






The district court found appellant guilty of murder. Tex. Penal Code Ann. § 19.02 (West
1994). The court also found that appellant acted under the immediate influence of sudden passion arising
from probable cause, and assessed punishment at imprisonment for eighteen years. Appellant contends
the evidence is factually insufficient to sustain a conviction for murder and that the court erroneously
permitted the State to ask irrelevant and leading questions. We will overrule these contentions and affirm.

Appellant and the deceased, Marcus Preston, got into an argument at a party on the night
of November 6, 1995. According to appellant's testimony, Preston, whose blood alcohol level at autopsy
was 0.30, threatened to kill appellant. Preston then walked to his pickup truck. Appellant, who testified
that he knew Preston kept a pistol in the truck, followed. Preston got in the truck and pulled something
from under the seat. Believing it was the pistol, appellant stabbed Preston once in the abdomen with his
pocket knife. Appellant testified, "I wasn't trying to hurt him, I wasn't trying to kill him, I was trying to stop
him from attacking me because I didn't know what he had." A witness testified that he saw appellant
holding a six-inch hunting knife after the stabbing. Appellant insisted, however, that he stabbed Preston
with his pocket knife. This was corroborated by the testimony of the medical examiner, who said the fatal
wound appeared to have been caused by a three-inch blade. The medical examiner also testified that it
was unusual for a single stab wound to the abdomen to be fatal, but that appellant's knife had severed a
major artery and Preston bled to death within minutes. Neither knife nor pistol was found by the police
during a subsequent search of the truck.

Appellant and Preston had come to blows during an argument one month earlier. There
was testimony that appellant pulled a knife during this earlier altercation, but appellant denied it.

In his first point of error, appellant contends the evidence is factually insufficient to sustain
the finding that he intentionally or knowingly killed Preston. Sec. 19.02(b)(1). A person acts intentionally
with respect to a result of his conduct when it is his conscious objective or desire to cause the result. Tex.
Penal Code Ann. § 6.03(a) (West 1994). A person acts knowingly with respect to a result of his conduct
when he is aware that his conduct is reasonably certain to cause the result. Sec. 6.03(b). Proof of a
culpable mental state generally relies on circumstantial evidence. Dillon v. State, 574 S.W.2d 92, 94 (Tex.
Crim. App. 1978).

A factual sufficiency review begins with the presumption that the evidence supporting the
conviction is legally sufficient. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd
as untimely filed). When conducting a factual sufficiency review, we do not view the evidence in the light
most favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of
defense witnesses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We will
set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996); Stone, 823 S.W.2d at 381.

Both in his statement to the police and in his trial testimony, appellant insisted that he did
not intend to kill or hurt Preston, but stabbed him only in self-defense. On the other hand, Preston's alleged
weapon was not found in his truck and there was testimony that appellant threatened Preston with a knife
during their previous argument. While this testimony was disputed, it was for the court, as trier of fact, to
decide the credibility of the witnesses and the weight to give their testimony. See Miller v. State, 909
S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). Appellant's claim that he did not intend to kill
Preston was also inconsistent with his acknowledged conduct. Appellant followed Preston to his truck
even though Preston had just threatened to kill him and, by his own testimony, appellant knew that Preston
kept a firearm in the truck. The district court could reasonably conclude that if appellant had not intended
violence, he would have chosen a different course of action. Stabbing Preston in the abdomen was an
obviously dangerous act from which the court could infer the culpable intent or knowledge, even if a wound
of the sort inflicted by appellant is not ordinarily fatal.

Appellate courts exercise their fact jurisdiction only to prevent a manifestly unjust result. 
We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different
result is more reasonable. Clewis, 922 S.W.2d at 135. The district court's determination that appellant
intentionally or knowingly caused Preston's death was not manifestly wrong or unjust. Point of error one
is overruled.

In his two remaining points, appellant contends the district court erroneously overruled his
objections to leading and irrelevant questions. Albert Cook was a State witness who had known appellant
for seventeen years and was obviously reluctant to testify. Cook testified that appellant came to his house
after stabbing Preston and said he wanted to turn himself in to the police. Cook was impeached with his
written statement to the police, in which he said that appellant asked Cook to take him to Austin but that
Cook talked appellant into going to the police. Questioning Cook about which version of events was more
likely to be accurate, the prosecutor asked, "[I]f somebody were to ask you a year from today, about your
experience up here on the witness stand . . . what exactly I would have said to you or what [defense
counsel] would have said to you, it would be hard a year from today to remember exactly what we said
to you or what your answers had to be, wouldn't it?" Appellant objected that the prosecutor was leading
the witness. The objection was overruled and Cook answered the question, "Yes."

The mode of interrogation is subject to the reasonable control of the trial court. Tex. R.
Crim. Evid. 610(a). Leading questions should not be used on direct examination of a witness except as
may be necessary to develop his testimony or if the witness is hostile. Rule 610(c). Appellant was not
unduly prejudiced by virtue of the prosecutor's question and we are not persuaded that the court abused
its discretion by overruling the objection. See Newsome v. State, 829 S.W.2d 260, 270 (Tex.
App.--Dallas 1992, no pet.). Point of error two is overruled.

Cook was also questioned about a scabbard that was identified as belonging to appellant
and introduced in evidence. Using a three-inch pocket knife for demonstrative purposes and over
appellant's objection that the question was irrelevant, the prosecutor asked Cook if he would carry such
a knife in that scabbard. Cook said he would not, that the scabbard was too big.

Evidence is relevant if it has any tendency to make the existence of a fact that is of
consequence to the determination of the action more or less probable than it would be without the evidence. 
Tex. R. Crim. Evid. 401. Whether appellant used a large hunting knife or a relatively small pocket knife
was a disputed fact that was of consequence to the determination whether appellant intentionally or
knowingly killed Preston. While the medical examiner may have provided the most authoritative evidence
in the record with respect to the size of the fatal weapon, the State was not foreclosed from questioning
other witnesses about the matter. No error is presented. Point of error three is overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 9, 1997

Do Not Publish 



 appellant knew that Preston
kept a firearm in the truck. The district court could reasonably conclude that if appellant had not intended
violence, he would have chosen a different course of action. Stabbing Preston in the abdomen was an
obviously dangerous act from which the court could infer the culpable intent or knowledge, even if a wound
of the sort inflicted by appellant is not ordinarily fatal.

Appellate courts exercise their fact jurisdiction only to prevent a manifestly unjust result. 
We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different
result is more reasonable. Clewis, 922 S.W.2d at 135. The district court's determination that appellant
intentionally or knowingly caused Preston's death was not manifestly wrong or unjust. Point of error one
is overruled.

In his two remaining points, appellant contends the district court erroneously overruled his
objections to leading and irrelevant questions. Albert Cook was a State witness who had known appellant
for seventeen years and was obviously reluctant to testify. Cook testified that appellant came to his house
after stabbing Preston and said he wanted to turn himself in to the police. Cook was impeached with his
written statement to the police, in which he said that appellant asked Cook to take him to Austin but that
Cook talked appellant into going to the police. Questioning Cook about which version of events was more
likely to be accurate, the prosecutor asked, "[I]f somebody were to ask you a year from today, about your
experience up here on the witness stand . . . what exactly I would have said to you or what [defense
counsel] would have said to you, it would be hard a year from today to remember exactly what we said
to you or what your answers had to be, wouldn't it?" Appellant objected that the prosecutor was leading
the witness. The objection was overruled and Cook answered the question, "Yes."

The mode of interrogation is subject to the reasonable control of the trial court. Tex. R.
Crim. Evid. 610(a). Leading questions should not be used on direct examination of a witness except as
may be necessary to develop his testimony or if the witness is hostile. Rule 610(c). Appellant was not
unduly prejudiced by virtue of the prosecutor's question and we are not persuaded that the court abused
its discretion by overruling the objection. See Newsome v. State, 829 S.W.2d 260, 270 (Tex.
App.--Dallas 1992, no pet.). Point of error two is overruled.

Cook was also questioned about a scabbard that was identified as belonging to appellant
and introduced in evidence. Using a three-inch pocket knife for demonstrative purposes and over
appellant's objection that the question was irrelevant, the prosecutor asked Cook if he would carry such
a knife in that scabbard. Cook said he would not, that the scabbard was too big.

Evidence is relevant if it has any tendency to make the existence of a fact that is of
consequence to the determination of the action more or less probable than it would be without the evidence. 
Tex. R. Crim. Evid. 401. Whether appellant used a large hunting knife or a relatively small pocket knife
was a disputed fact that was of consequence to the determination whether appellant intentionally or
knowingly killed Preston. While the medical examiner may have provided the most authori